IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFAYETTE ANTWONE SMITH,

    Plaintiff,                    No. CIV S-06-2220 MCE DAD P

    vs.

G. SALAS, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or claims within a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

        In the present case, plaintiff's complaint challenges prison conditions. By the provisions of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to

1  provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of
2  this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
3  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
4  The United States Supreme Court has considered "whether or not a remedial scheme is
5  'available' where . . . the administrative process has authority to take some action in response to
6  a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of
7  redress."  Booth v. Churner, 532 U.S. 731, 736 (2001).  The Court concluded that Congress has
8  mandated exhaustion of prison administrative procedures "regardless of the relief offered through
9  [such] procedures."  Id. at 741.  In addition, the Court emphasized that it "will not read futility or
10 other exceptions into statutory exhaustion requirements where Congress has provided otherwise."
11 Id. at 741 n.6.

12         Under regulations governing prison grievance procedures in California, state
13 prisoners "may appeal any departmental decision, action, condition, or policy which they can
14 reasonably demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15,
15 § 3084.1(a).  The administrative appeal system progresses from an informal review through three
16 formal levels of review.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  In light of the Supreme
17 Court's holding in Booth v. Churner, a California prisoner must file a prison grievance on all
18 claims challenging prison conditions and, as a general rule, proceed to the Director's level of
19 review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought
20 by the prisoner is available through the administrative appeal system.  A prisoner's concession to
21 nonexhaustion is a valid ground for dismissal of an action.  Wyatt v. Terhune, 315 F.3d 1108,
22 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).
23 If the court concludes that the prisoner has not exhausted administrative remedies, "the proper
24 remedy is dismissal of the claim without prejudice."  315 F.3d at 1120.

25         In the complaint filed in this action there is no allegation that the prison
26 administrative grievance procedures have been exhausted on all claims alleged in the pleading.

1 Rather, plaintiff alleges that a grievance concerning the facts relating to the complaint was filed
2 but that the grievance process was not yet completed at the time the complaint was filed.
3 (Compl. at 2.)  Thus, it appears from the face of the complaint that plaintiff did not exhaust
4 available administrative remedies prior to bringing this action.  Accordingly, plaintiff will be
5 directed to show cause why this action should not be dismissed without prejudice for failure to
6 exhaust administrative remedies prior to bringing this action.[1]  If plaintiff fails to respond to this
7 order within the allotted time, the undersigned will recommend that this action be dismissed
8 without prejudice.  Ruling on plaintiff's request to proceed in forma pauperis will be deferred for
9 a period of thirty days.

10       In accordance with the above, IT IS HEREBY ORDERED that within thirty days
11 from the date of this order plaintiff shall show cause why this action should not be dismissed
12 without prejudice for failure to exhaust administrative remedies.
13 DATED: October 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17 DAD:4
smit2220.osc

---

[1] Dismissal without prejudice would permit plaintiff to file a new action upon exhaustion of the prison grievance process.

3